UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>$92,447.00 IN U.S. CURRENCY, )<br>)<br>Defendant. ) | Civil Action No. 1:25-CV-0929 (FJS/PJE) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America (the Plaintiff) brings this verified complaint for forfeiture *in rem* against the above-captioned property (the Defendant Currency) and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Currency as proceeds traceable to violations of Title 21, United States Code, Section 841. Section 881(a)(6) provides for the forfeiture of the following:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

**THE PARTIES**

2. The Plaintiff is the United States of America.

3. The Defendant Currency is $92,447.00 in U.S. currency.

4.     The Defendant Currency is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."

6.     This Court has *in rem* jurisdiction over the Defendant Currency and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A), which provides that a forfeiture action or proceeding "may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

7.     Venue is also proper in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."

## FACTS

8.     About 9.30 p.m. on January 23, 2024, parole officers from the New York State Department of Corrections and Community Supervision made a routine home visit upon parolee Terrell Bell at 223/221 Duane Avenue, Schenectady, New York.  223/221 Duane Avenue is a single two-story building:  the number 223 is assigned to the first floor, and the number 221 is assigned to the second floor.  Bell resided on the first floor.

9. During the home visit, an officer found suspected fentanyl pills in Bell's bedroom on the first floor. The pills later tested positive for fentanyl. After finding the pills, the officer asked to review Bell's cellphone. The officer found a text message from Bell to his girlfriend, Nyonna Daniels, in which Bell told her to "move all them boxes rite there upstairs now." Bell then asked Daniels if she had moved "the brown bag the weed and scales wit cups" and the "green bag with the gun."

10. Uniformed officers then secured the residence pending the application for and issuance of a search warrant. On January 24, 2024, Judge Falotico of the Schenectady City Court issued a search warrant to search both floors of the house.

11. Before officers could execute the warrant, Keenan Lee Chandler, who is believed to be a cousin of Bell and lived on the second floor, barricaded himself on the second floor. A SWAT team was mobilized to evict Chandler, but he chose to leave the residence voluntarily. Chandler was arrested for obstructing governmental administration.

12. Daniels, who was eight months pregnant at the time, was taken to a local hospital and later taken into custody for evidence tampering pending the search warrant.

13. Officers from the Schenectady Police Department, including an officer serving in a Federal Bureau of Investigation Task Force, executed the search warrant on January 24, 2024. During the execution of the search, $112,547 in U.S. currency was recovered and seized from various locations:

- 221 Duane Avenue, bedroom #2, in a purple bag: $9,933 in a sealed plastic bag
- 221 Duane Avenue, bedroom #3, in a brown ottoman: $81,600 in a sealed plastic bag

- 221 Duane Avenue, rear porch, in a shoe box in a hamper: $20,010 in a sealed plastic bag
- 223 Duane Avenue, dresser, in a drawer: $1,004 in a sealed plastic bag

14. The total amount of money seized was $112,547. Several rounds of various calibers of ammunition were found on the second floor, but no gun.

15. On March 5, 2025, Bell entered an oral plea of guilty to Count One of an indictment in a criminal case, No. 1:24-cr-349 (LEK), for violating 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession with intent to distribute a controlled substance. Bell agreed to forfeit any property constituting and derived from any proceeds obtained, directly and indirectly, as a result of the offense in Count One.

16. An agreement was reached between Bell's attorney and the government to release $20,100 of the $112,547 seized in the execution of the search warrant on January 24, 2024 to Bell. In turn, Bell was to execute a Waiver of Timely Notice in an Administrative Forfeiture agreeing to the administrative forfeiture of the remaining $92,447, *i.e.*, the Defendant Currency.

17. On February 26, 2025, Bell executed the waiver and agreed to the administrative forfeiture of the Defendant Currency.

18. By the execution of the Waiver, Bell agreed to voluntarily waive all constitutional, statutory, legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment. Bell also agreed not to assist anyone else in contesting the forfeiture on any other ground.

## **CONCLUSION**

19. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant for Arrest of Articles *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Currency to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems just and proper.


Dated: July 15, 2025                     JOHN A. SARCONE III
                                         Acting United States Attorney

                              By:   */s/ Nicholas Walter*
                                    Nicholas Walter
                                    Assistant United States Attorney
                                    Bar Roll No. 706029

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ALBANY     )

Anthony J. Savignano, being duly sworn, deposes and states:

I am a Task Force Officer with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 14 day of July, 2025.

_____
Anthony J. Savignano, Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me this 14th day of July, 2025.

_____
Notary Public

JENNIFER DEANGELO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DE6376754
Qualified in SCHENECTADY County
My Commission Expires 6/25/2026